UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY A. SHARP,

    Plaintiff,

v.

L. KOENIG, et al.,

    Defendants.

Case No. 21-cv-06035-RS (PR)

**ORDER TO SHOW CAUSE BY FEBRUARY 21, 2022 WHY 28 U.S.C. § 1915 DOES NOT BAR PAUPER STATUS**

## INTRODUCTION

Plaintiff, a state prisoner and frequent litigant in federal court, is pursuing this federal civil rights action under 42 U.S.C. § 1983 and has filed a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. **Plaintiff is ordered to show cause on or before February 21, 2022 why 28 U.S.C. § 1915(g) does not bar pauper status in this action.** No extensions of time will be granted.

## BACKGROUND

Plaintiff may not be able to proceed IFP because he has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous or malicious, or that they failed to state a claim upon which relief may be granted. A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in

original).

Under the law of this circuit, plaintiff must be afforded an opportunity to persuade the Court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* *Andrews* implicitly allows the Court to raise *sua sponte* the section 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, plaintiff has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted:

**(1)** *Sharp v. Cal. State Prison Corcoran Medical Staff, et al.*, No. 1:99-cv-05550-OWW-DLB (E.D. Cal., Mar. 27, 2000) (complaint dismissed with leave to amend because plaintiff failed to state a claim; suit ultimately dismissed because plaintiff failed to file an amended complaint)[1];

**(2)** *Sharp v. County of San Diego, et al.*, 3:99-cv-01685-J-AJB (S.D. Cal. May 24, 2000) (suit dismissed because claims were time-barred)[2];

---

[1] When the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

[2] *See Belanus v. Clark*, 796 F.3d 1021, 1053 (9th Cir. 2007) (dismissals for failure to state a claim because claims were time-barred may be counted as strikes pursuant to 28 U.S.C. § 1915(g)).

**(3)** *Sharp v. Mason, et al.*, Case No. 2:03-cv-01354-EJG-DAD (E.D. Cal. Sept. 5, 2003 (complaint dismissed with leave to amend because plaintiff failed to state a claim; suit ultimately dismissed with prejudice because plaintiff failed to cure any defect upon amendment);

**(4)** *Sharp v. Mims, et al.*, No. 1:13-cv-00534-AWI-BAM (E.D. Cal. July 1, 2014) (complaint dismissed with leave to amend because plaintiff failed to state a claim; suit ultimately dismissed with prejudice because plaintiff failed to cure any defect upon amendment).

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, the Court now orders him to show cause why IFP status should not be denied and the present suit should not be dismissed pursuant to 28 U.S.C. § 1915(g).

## CONCLUSION

Plaintiff's response to this order to show cause must be filed no later than **February 21, 2022**. No extensions of time will be granted. The response must be labeled clearly as "RESPONSE TO ORDER TO SHOW CAUSE." In the alternative to showing cause why this action should not be dismissed, plaintiff may avoid dismissal by paying the full filing fee of $402.00 by February 21, 2022.

Failure to file a proper response by **February 21, 2022**, or failure to pay the full filing fee by that date, will result in the dismissal of this action without prejudice to plaintiff bringing his claims in a new paid complaint.

**IT IS SO ORDERED.**

**Dated:** January  5 , 2022

_____
RICHARD SEEBORG
Chief United States District Judge